IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KIERA BARBER,** | : | CIVIL ACTION NO. 1:14-CV-613 |
| | : | |
| **Plaintiff** | : | (Chief Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **SUBWAY,** | : | |
| | : | |
| **Defendant** | : | |

## **ORDER**

AND NOW, this 16th day of November, 2015, upon consideration of the motion (Doc. 53) by defendant Subway ("Subway") styled as a motion *in limine*, requesting that the court exclude from admission at trial all evidence pertaining to the disability discrimination, failure to accommodate, and retaliation claims of plaintiff Kiera Barber ("Barber") pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and specifically arguing that Subway is not an employer subject to liability under the ADA because Subway does not have more than fifteen (15) employees, (see Doc. 53 ¶¶ 2, 5), but wherein present counsel for Subway expressly acknowledges that prior counsel waived the ADA numerosity issue in correspondence to Barber's counsel, (id. ¶¶ 6-7), and the court noting: *first*, that contrary to Subway's assertion, the employee numerosity requirement is not an unwaivable jurisdictional requirement but instead an element of a plaintiff's cause of action, see Showers v. Endoscopy Ctr. of Cent. Pa., LLC, 58 F. Supp. 3d 446, 454 (M.D. Pa. 2014) (quoting Nesbit v. Gears Unlimited, Inc., 347 F.3d 72, 83 (3d Cir. 2003)), and that the Third Circuit Court of Appeals, in construing Title VII's "indistinguishable" numerosity requirement, contemplated allowing parties to

stipulate to numerosity, see Nesbit, 347 F.3d at 83; *second*, that Subway's instant request is a transparent attempt to revisit the Rule 56 record through the filing of a motion *in limine* after the deadline for filing dispositive motions, (see Doc. 23), and despite an express statement by Subway's prior counsel that they "will not be pursuing our defense of the 15 employee minimum requirement under federal law," (Doc. 53-1, Ex. B); and *third*, that motions *in limine* are intended to address the admissibility of evidence at trial and are not appropriate vehicles for testing the sufficiency of a plaintiff's evidence as to a substantive cause of action, and that courts in this judicial district and elsewhere generally deny motions *in limine* which raise issues that should have been raised at the Rule 56 stage, see, e.g., Park v. Veasie, No. 3:09-CV-2177, 2012 WL 3064258, at *7 (M.D. Pa. July 27, 2012) (Mariani, J.); Klatch-Maynard v. Sugarloaf Twp., No. 3:06-CV-845, 2011 WL 3476814, at *2-3 (M.D. Pa. Aug. 9, 2011) (Kane, J.); Mavrinac v. Emergency Med. Ass'n of Pittsburgh, No. 04-1880, 2007 WL 2908007, at *1 (W.D. Pa. Oct. 2, 2007), and the court thus concluding that the relief requested by Subway is inappropriate for a motion *in limine*, untimely as a motion pursuant to Rule 56, and subject to an express waiver by Subway's prior counsel, and the court further concluding, in light of the within resolution of Subway's motion, that the sanctions requested by Barber are not warranted, it is hereby ORDERED that Subway's motion (Doc. 53) *in limine* is DENIED.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania