IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KIERA BARBER,** : | CIVIL ACTION NO. 1:14-CV-613 |
| : | |
| **Plaintiff** : | (Chief Judge Conner) |
| : | |
| **v.** : | |
| : | |
| **SUBWAY,** : | |
| : | |
| **Defendant** : | |

## ORDER

AND NOW, this 7th day of January, 2016, upon consideration of the motion (Doc. 38) *in limine* by plaintiff Kiera Barber ("Barber") requesting that the court exclude from admission at trial any reference to Barber's prior employment or the circumstances of her departures therefrom, wherein Barber asserts that such evidence is irrelevant, unduly prejudicial, and improper character evidence, (id.), and further upon consideration of the opposition arguments (Doc. 52) of defendant Subway ("Subway"), wherein Subway asserts, *first*, that evidence of Barber's prior voluntary departure from employment with Wendy's "due to her anxiety issues" is relevant to the issue of whether Barber was able to perform the essential functions of her job at Subway with or without reasonable accommodation, (id. at 3-4); and, *second*, that evidence of each instance of prior employment and the duration of that employment is relevant to the issue of damages, specifically, the measure of back pay and front pay, (id. at 5-6), and the court observing that relevant evidence is that which has a tendency to make a fact of consequence in the matter "more or less probable than it would be without the evidence," FED. R. EVID. 401, but that the

court may, in its discretion, "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] . . . misleading the jury," FED. R. EVID. 403, and further observing that evidence of a person's character, character trait, or prior acts is not "admissible to . . . show that on a particular occasion the person acted in accordance with the character," FED. R. EVID. 404, except that such evidence is admissible when character is an essential element of a cause, see FED. R. EVID. 405(b), but noting that "character is *not* an essential element of an employment discrimination claim," Keene v. Sears, Roebuck & Co., Inc., No. 05-828, 2007 WL 2572366, at *1 (D.N.J. Sept. 4, 2007) (emphasis added), and the court finding, with respect to Subway's first argument, that the circumstances of Barber's departure from employment with Wendy's "due to her anxiety issues," prior to diagnosis and treatment of her anxiety disorder, is not relevant to the question of whether Barber was able to perform the specific functions of a different job with a different employer, one year later and after diagnosis and treatment, see FED. R. EVID. 401; is more prejudicial than probative, see FED. R. EVID. 403; and is, in essence, improper character evidence in disguise, intended to encourage the inference that Barber has a propensity to abandon her employment and acted consistent with that propensity in the matter *sub judice*, see FED. R. EVID. 404(a); and, for the same reasons, the court finding that evidence regarding the circumstances of Barber's departure from any other employment is inadmissible, see FED. R. EVID. 401, 403, 404; and, with respect to Subway's second argument, the court concluding that, depending upon the evidence presented at trial, Barber's employment history may be relevant to Barber's back and front pay

calculations, but that such evidence may only be presented by describing the nature of employment, wages paid, and duration of employment, and may not reference the circumstances of Barber's departure therefrom for the reasons stated *supra*, see FED. R. EVID. 401, 403, 404, it is hereby ORDERED that:

1. Barber's motion (Doc. 38) is GRANTED to the extent that evidence of the circumstances of her departure from other employment shall be inadmissible at trial.

2. Barber's motion (Doc. 38) is DENIED to the extent it seeks exclusion of all evidence of her employment history at trial. Subway is permitted to introduce the nature and duration of Barber's other employment, as well as wages, as evidence in mitigation of damages.

3. In light of the above, the parties shall, at the Local Rule 16.3 pretrial conference of attorneys, confer with the goal of jointly proposing an appropriate limiting instruction regarding the jury's use of any employment history evidence admitted at trial. The proposed limiting instruction shall be submitted with the parties' pretrial submissions, due to the court on or before **March 23, 2016**.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania