IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KIERA BARBER,** | : | CIVIL ACTION NO. 1:14-CV-613 |
| | : | |
| Plaintiff | : | (Chief Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **SUBWAY,** | : | |
| | : | |
| Defendant | : | |

# ORDER

AND NOW, this 7th day of January, 2016, upon consideration of the motion (Doc. 34) *in limine* by plaintiff Kiera Barber ("Barber") requesting that the court exclude from admission at trial any reference to and any evidence of the findings, conclusions, or determinations of the Equal Employment Opportunity Commission ("EEOC") and Pennsylvania Human Relations Commission ("PHRC") regarding Barber's administrative discrimination claims, and further upon consideration of the opposition arguments (Doc. 36) of defendant Subway ("Subway"), asserting that it should not be precluded from using Barber's prior inconsistent statements during the administrative proceedings as impeachment evidence at trial in this matter, (see id. at 2), but otherwise identifying no substantive probative value in the dismissal and notice of rights issued by the administrative agencies, (see id.), and the court observing that relevant evidence is that which has a tendency to make a fact of consequence in the matter "more or less probable than it would be without the evidence," FED. R. EVID. 401, but that the court may, in its discretion, "exclude relevant evidence if its probative value is substantially outweighed by a danger of

. . . unfair prejudice, confusing the issues, [or] . . . misleading the jury," FED. R. EVID. 403, and it appearing that, as a general rule, agency determinations are admissible in discrimination cases subject to the balancing test of Rule 403, see El v. Se. Pa. Trans. Auth., 479 F.3d 232, 248 n.19 (3d Cir. 2007), and that the decision whether such evidence "is more probative than prejudicial is within the discretion of the trial court, and to be determined on a case-by-case basis," Coleman v. Home Depot, Inc., 306 F.3d 1333, 1345 (3d Cir. 2002), but that courts within the Third Circuit generally are disinclined to admit such evidence when it is of limited probative value because a jury might assign inappropriate weight to the agency decision, see, e.g., Morris v. Rumsfeld, No. 1:01-CV-1729, 2007 WL 951450, at *3 (M.D. Pa. Mar. 27, 2007) (citing Kovacs v. Conmed Corp., No. 04-1667, 2006 WL 1340767, at *1 (E.D. Pa. May 11, 2006); Cambra v. Rest. Sch., No. 04-2688, 2005 WL 2886220, at *4 (E.D. Pa. Nov. 2, 2005)), and the court finding that the notice of rights and dismissal letter *sub judice* is distinct from a determination letter or other substantive agency ruling in that the notice merely advises Barber of the agency's decision not to pursue the asserted claims, (see Doc. 35-1, Ex. A at 4), and the court concluding that the letter itself is of minimal probative value as to the substantive elements of Barber's claims or Subway's defenses thereto, see FED. R. EVID. 403, and may cause confusion of the issues or mislead the jury, see id., and should be inadmissible at trial, and the court further concluding that any ruling on the admissibility of Barber's statements to the EEOC and PHRC or the balance of the agencies' records for impeachment purposes

would be premature at this juncture as that evidence is not before the court, and is most appropriately addressed at trial, it is hereby ORDERED that:

1. Barber's motion (Doc. 34) is GRANTED to the extent that the EEOC's dismissal and notice of right to sue letter (Doc. 35-1, Ex. A at 4) shall be inadmissible at trial.

2. To the extent Barber's motion (Doc. 34) seeks exclusion at trial of other EEOC or PHRC records, or Barber's own statements made during the course of proceedings before those agencies, the motion is DENIED without prejudice.

      /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania